NOT FOR PUBLICATION                                                              (Docket No. 24)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
SHERRI MICHEL,                            :
                                          :
            Plaintiff,                    :     Civil No. 08-2238 (RBK/KMW)
                                          :
      v.                                  :     **OPINION**
                                          :
MAINLAND REGIONAL SCHOOL                  :
DISTRICT, et al,                          :
                                          :
            Defendants.                   :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion filed by Defendants Mainland Regional School District; Mainland Regional Board of Education; Dr. Russell J. Dever; Assistant Principal Darren Hickman; Jo-Anne Goldberg; and Mainland Regional School Board Members, Bradford Jungels, Susan Slaughter, Tom Oliver, Tom Ritter, Steve Patrick, Richard Woolston, John Medica, Janice Ojserkis, and Tom Cox (collectively, "Defendants") to partially dismiss the Complaint filed by Plaintiff Sherri Michel ("Plaintiff"). For the reasons expressed below, the Court will grant in part and deny in part the instant motion.

**I.      BACKGROUND**

Plaintiff's allegations arise from her employment as a school psychologist at Mainland High School. Plaintiff asserts that she repeatedly complained to her supervisors and others about violations of New Jersey laws meant to protect students in special education, as well as other

laws. Plaintiff claims that Defendants retaliated against her by terminating her employment, in violation of New Jersey and federal laws.

On May 8, 2008, Plaintiff filed a Complaint in this Court alleging two claims against Defendants. In Count I, she alleges violations of New Jersey's Conscientious Employee Protection Act ("CEPA"), and in Count II, she alleges violations of her Constitutional rights under 42 U.S.C. § 1983. On December 12, 2008, Defendants filed the instant motion to dismiss, arguing that as a matter of law the individual school board member Defendants may not be held liable under either claim in the Complaint, that the individual employees of the board of education - Dever, Hickman, and Goldberg - may not be held liable under Count I because they were not able to take retaliatory action against Plaintiff, and finally that Plaintiff's Count II fails in its entirety because Plaintiff's actions taken in the context of her public employment prohibit a § 1983 claim based on the First Amendment.

In January and February 2009, Plaintiff sought and was granted leave to amend her Complaint. On March 3, 2009, Plaintiff filed an Amended Complaint in this matter, adding facts in support of her § 1983 claim and adding a Count III for common law wrongful discharge.

Plaintiff describes in detail a number of instances when she had concerns about policies or actions taken by her supervisors. Plaintiff's immediate supervisor was Defendant Goldberg, who Plaintiff claims suspended students without providing them services to which they were entitled, failed to investigate instances when Plaintiff raised concerns about the provision of services for students, falsely advised parents of a special education student about the students rights to educational services, delayed by two months an evaluation to determine a student's eligibility for special education and related services, placed a psychiatric evaluation of a student

2

on hold when she heard the child may have been planning to move out of the district, implemented illegal policies regarding the provision of at home instruction for students with disabilities, and refused to consider the connections between student misbehavior and disability. Plaintiff contends that although she regularly raised her concerns to Defendant Goldberg about improper policies, Plaintiff received favorable work evaluations throughout her employment until May 2007. She "felt she had an ethical and professional responsibility to her students, and Mainland High School as a whole, to ensure that Defendant Goldberg was aware of the violations of the law" that Plaintiff observed. (Am. Compl. at ¶ 23.) Plaintiff claims Goldberg sometimes informed Defendant Hickman of Plaintiff's concerns.

Although not alleged in her Complaint, Plaintiff contends in her Amended Complaint that she also raised concerns with her supervisors and fellow employees regarding discrimination against minority students, disparate treatment of students in a particular special education program, and inadequate safety procedures at the school.

Plaintiff alleges that in June 2007, she was asked to teach a special education class with only 20 minutes notice before the class was to begin. She claims that Goldberg set up the situation, including rousing the students in the class to misbehavior prior to Plaintiff's arrival, in order to review Plaintiff's teaching and her ability to handle a crisis circumstance. Plaintiff claims that in a later meeting with Plaintiff's union representatives, Goldberg admitted to creating the difficult situation for Plaintiff. After the class, Goldberg wrote an unfavorable evaluation of Plaintiff's performance, which Plaintiff rebutted pursuant to policy. In her rebuttal, Plaintiff brought up the concerns she previously had raised about unethical and illegal practices at the school. She claims that after her rebuttal, Goldberg told Plaintiff to stop criticizing the

department.

Almost immediately, the Board of Education scheduled a meeting to discuss Plaintiff's termination from her employment. Plaintiff met with Superintendent Dever prior to the meeting, and Dever told Plaintiff that she may be terminated for her rebuttal to the evaluation, her advocacy on behalf of her students, and her philosophy, which Dever said differed from that of the school board. Over a series of meetings, Plaintiff contends, the Board discussed her termination, eventually terminating her employment on June 18, 2007. In response to Plaintiff's formal request for a writing identifying the reasons for her termination, she was provided a letter stating that her "approach and implementation towards student relationships and discipline" formed the basis of the decision to terminate her.

## II.     LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

## III.    ANALYSIS

### A.     Counts I And II As Alleged Against The Individual School Board Defendants

The Court will not dismiss all claims against the individual school board defendants, as their individual participation in the decision to terminate Plaintiff makes them potentially liable

for retaliation as alleged in Counts I and II.[1]  As to Count I, Plaintiff alleges that by terminating her employment, Defendants retaliated against her in violation of CEPA, the New Jersey statute meant to "protect employees who report illegal or unethical work-place activities" from retaliation by their employers.  Higgins v. Pascack Valley Hosp., 730 A.2d 327, 334 (1999) (quoting Barratt v. Cushman & Wakefield, 675 A.2d 1094, 1098 (1996)).  CEPA liability is limited to "employers," but that term is defined broadly as:

> any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly on behalf of or in the interest of an employer with the employer's consent and shall include all branches of State Government, or the several counties and municipalities thereof, or any other political subdivision of the State, or a school district, or any special district, or any authority, commission, or board or any other agency or instrumentality thereof.

N.J. Stat .Ann. 34:19-2(a).  Notably, the statute provides for individual liability, while such liability must be grounded in "individual conduct" by the board members.  Gerber v. Springfield Bd. of Educ., 744 A.2d 670, 679 (N.J. Super. Ct. App. Div. 2000).

Here, Defendants argue that Plaintiff fails to allege individual conduct by the board members that would satisfy the requirement in Gerber.  The Court finds, however, that as a matter of law, there are no grounds to dismiss Count I as against the individual board members.  Plaintiff's Amended Complaint alleges that the Board of Education terminated Plaintiff, which she claims was the result of multiple meetings of the members of the board regarding her potential termination.  As Plaintiff has claimed that the individual board members met to discuss then decide on her termination, the Court is convinced that Plaintiff has stated a claim that the

---

[1] As Defendants filed the instant motion prior to Plaintiff filing her Amended Complaint, which adds Count III for wrongful discharge, the Court will not consider Defendants' argument on this issue with respect to Count III.

individual board members participated in individual conduct sufficient to state a claim for a CEPA violation.

Defendants move for the dismissal of Count II as against the individual school board defendants, although they provide no support for their motion on that Count. Liability under 42 U.S.C. § 1983 may be predicated on individual Defendants' participation in or approval of an alleged constitutional violation. C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005). Because Plaintiff contends that her termination forms the basis of her § 1983 claim, and because her termination was the alleged result of a determination made by the members of the Board of Education, her § 1983 claim will survive Defendants' motion on these grounds. Accordingly, Defendants' motion to dismiss Counts I and II as alleged against the individual school board defendants will be denied.

### B. Count I As Alleged Against Dever, Hickman, and Goldberg

The Court will not dismiss Count I as alleged against employees Dever and Goldberg, as Plaintiff's claim against them is sufficient as a matter of law to survive the instant motion. However, Plaintiff's CEPA claim fails as against Hickman and will be dismissed. Both state and federal courts have allowed CEPA claims against individual supervisors. See Fasano v. Fed. Reserve Bank of N.Y., 457 F.3d 274, 289 (3d Cir. 2000) (noting Palladino ex rel. United States v. VNA of S. N.J., Inc., 68 F. Supp. 2d 455, 474 (D.N.J. 1999)); Sunkett v. Misci, Jr., 183 F. Supp. 2d 691, 716 n. 12 (D.N.J. 2002); Maw v. Advanced Clinical Comm., Inc., 359 N.J.Super. 420, 439-40, 820 A.2d 105 (App.Div.2003), rev. on other grounds by 846 A.2d 604 (2004). Although defendants argue that these individual supervising employees cannot be liable under CEPA because the Board of Education is the only entity able to take binding action to, in this

6

case, terminate an employee, such a conclusion would mean that Defendants Dever, Hickman, and Goldberg could only be liable under CEPA were they to have decided upon Plaintiff's termination, a legal conclusion not supported by the case law. These Defendants may be liable if they were engaged in any adverse employment action against Plaintiff because of her protected conduct under CEPA. See Fasano, 457 F.3d at 289.

The Court finds that Plaintiff has alleged in her Amended Complaint that Dever and Goldberg engaged in retaliatory adverse employment actions against her connected to her reporting of policies and acts she perceived to be illegal, so Defendants' motions to dismiss as to Dever and Goldberg will be denied. However, as Plaintiff does not allege in either her Complaint or Amended Complaint any particular retaliatory adverse employment act taken by Defendant Hickman, Defendants' motion to dismiss Count I as against Defendant Hickman will be granted.

    **C.**    **Count II, Plaintiff's § 1983 Claim**

Defendants move to dismiss Plaintiff's § 1983 claim, arguing that Plaintiff's Complaint makes clear that her reporting of perceived violations of law was all done in the context of her public employment. To establish a retaliation claim based upon the exercise of First Amendment free speech rights, a plaintiff must show that the speech was (1) protected and (2) a substantial factor in the alleged retaliation. Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005) (internal quotations omitted). The First Amendment does not shield a public employee from discipline, however, where she speaks "pursuant to her official duties." Garcetti v. Ceballos, 547 U.S. 410, 422 (2006). A public employee's speech is protected when she (1) spoke as a citizen, (2) her speech involved a matter of public concern, and (3) her government employer did not

have "adequate justification for treating [her] differently from any other member of the general public" as a result of the speech. Id. at 418. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Rankin v. McPherson, 483 U.S. 378, 384 (1987).

Where a plaintiff does not specify the premise of a First Amendment retaliation claim, the Third Circuit instructs that in resolving a motion to dismiss, this Court should read Plaintiff's claims to allege that her speech was made as a public citizen, rather than presume that Plaintiff spoke pursuant to her official duties. See Hill v. Borough of Kutztown, 455 F.3d 225, 242 (3d Cir. 2006) (citing Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006) (on a 12(b)(6) motion to dismiss, examine "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."))

The Complaint in this case does not clearly allege the context of many of Plaintiff's reports about perceived violations of special education and other laws. Plaintiff describes her reporting as the result of her "ethical and professional responsibility," although she says she "spoke as a citizen for First Amendment purposes." She says she "made repeated complaints to, among others, her supervisor Defendant Goldberg," but also describes that she "raised concerns with the Mainland administration and others, including fellow Mainland employees," without distinguishing which reporting she did in what context and to whom. Contrary to the circumstances in Hill, Plaintiff has not failed to specify the premise of her claim, but rather has stated her claim with vague references to whom and in what context she reported perceived violations.

Plaintiff, in her opposition to the instant motion, suggests that the Court should

effectively rewrite Plaintiff's Complaint on her behalf to specify those instances where she spoke pursuant to her official duties. Then, Plaintiff argues that the Hill holding regarding unspecified circumstances of speech should apply even to those reports which Plaintiff herself contends were made pursuant to her "professional responsibility." As the Court on a motion to dismiss will draw all reasonable inferences in favor of the Plaintiff, we find that a reasonable reading of the Complaint in this case may entitle Plaintiff to relief. Accordingly, the Court will deny Defendants' motion to dismiss Plaintiff's § 1983 claim.

Because of the lack of clarity surrounding the context of the events leading up to Plaintiff's termination, the Court will order that Plaintiff amend her Complaint to specify in what context and to whom she reported each alleged violation of law she perceived at Mainland High School.

### IV.   CONCLUSION

Based upon the foregoing, the Court DENY Defendants' motion to dismiss Counts I and II as alleged against the individual school board Defendants; DENY Defendants' motion to dismiss Count I as alleged against Defendants Dever and Goldberg; and DENY Defendants' motion to dismiss Count II in its entirety. The Court will GRANT Defendants' motion to dismiss Count I as alleged against Defendant Hickman. An accompanying Order shall issue today.

Dated:      7-30-09                                                          /s/ Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge